IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR138** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JEREMY FLEMKE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 37). The government adopted the PSR (Filing No. 38). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Court notes defense counsel's statement that he intends to file a motion for downward departure. However, the deadline for filing such motions has passed. (Filing No. 26.)

The Defendant objects to the following paragraphs of the PSR: ¶¶ 15 (government's version); 17, 26 (hearsay, unsubstantiated); 21-23 (probation officer's determination of number of videos, images); 32 (use of Limewire alone should not trigger multiple enhancements); 33 (sadistic, masochistic images); 35 (number of images).

## ¶¶ 15, 17 - Government's Version

The Court is not at liberty to change the government's version of the offense. The objections are denied.

## ¶¶ 21-23 - Probation Officer's Determination/Number of Videos, Images

Paragraphs 21 and 22 describe Investigator Haugaard's affidavit. The Court is not at liberty to change the affidavit, and the objections are denied.

Paragraph 23 reflects the probation officer's estimated number of videos/images relating to the offense. As this objection is related to the objection to ¶ 35, it will be heard at sentencing.

### ¶ 26 - Contains Hearsay, Unsubstantiated Information

The rules of evidence do not apply to sentencing proceedings. Fed. R. Evid. 1101(d)(3). Therefore, the objection as to hearsay is denied.

The objection to "unsubstantiated" information is denied for lack of specificity.

### ¶ 32 - Use of Limewire

Flemke argues that merely the presence of Limewire, a peer-to-peer file sharing program, does not automatically require the § 2G2.2(b)(3)(B) enhancement for the distribution of child pornography for the receipt, or expected receipt, of a thing of value but not for pecuniary gain. Defense counsel has accurately stated the law. The mere presence of Limewire does not alone trigger the enhancement. The government has the burden of proving that Flemke expected to receive or received something of non-pecuniary value when he used the file-sharing software. *United States v. Ultsch,* 578 F.3d 827, 830 (8th Cir. 2009). The objections will be heard at sentencing, and the government has the burden by a preponderance of the evidence.

### ¶ 33 - Sadistic or Masochistic Images

Flemke objects to the enhancement under § 2G2.2(b)(4) for sadistic or masochistic content of the images. The PSR assessed the enhancement because the images "involved bondage, bestiality, and rape." (PSR, ¶ 33.) The objection will be heard at sentencing, and the government has the burden by a preponderance of the evidence.

*¶ 35 - Number of Images*

The Defendant objects to the enhancement under § 2G2.2(b)(7)(D) for the number of images, assessed at 140,000. The objection will be heard at sentencing, and the government has the burden by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 15, 17, 21, 22, and 26 are denied;

2. The Defendant's objections to ¶¶ 23, 32, 33, and 35 will be heard at sentencing. If the parties need more than 30 minutes for the entire sentencing hearing, they must immediately contact Edward Champion and reschedule the hearing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 2nd day of October, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge